OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

December 17, 2001

The Honorable Jim Solis
Chair, Committee on Economic Development
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0442

Re: Whether a teacher who retires from employment with a school district and later wishes to return to full-time employment as a certified teacher with the school district, qualifies for the continuous-employment exception to the statutory prohibition on nepotistic hiring by a school district, see TEX. GOV'T CODE ANN. §§ 573.041, .062 (Vernon 1994) (RQ-0413-JC)

Dear Representative Solis:

A public official generally may not appoint or vote to appoint an individual to a position that is to be paid with public funds if the official or another member of the governmental entity's governing board is related to the individual within the third degree by consanguinity or within the second degree by affinity, with some exceptions. See TEX. GOV'T CODE ANN. § 573.041 (Vernon 1994); see also id. § 573.002 ("Degrees of Relationship"). This prohibition does not apply, however, to the "appointment or employment of a substitute teacher by a school district." Id. § 573.061(6) (Vernon Supp. 2001). In addition, the prohibition may not apply to an individual who is "employed in the position immediately before the election or appointment of the public official to whom the individual is related in a prohibited degree" and who has been so employed for a certain period of time. See id. § 573.062 (Vernon 1994). You indicate that a teacher who retired from the Pharr-San Juan Alamo School District to take advantage of a Teachers' Retirement System incentive program would like to return to a full-time teaching position.[1] But because she is related to a member of the school board, the school district has refused to let her return to the position; rather, she is substitute teaching in the same position. See Request Letter, supra note 1. You ask whether the prohibition on nepotistic hiring bars her from being appointed to a full-time teaching position. See id. We conclude that it does.

Under the anti-nepotism statutes, a school board generally may not appoint an individual to a position that is compensated from public funds if the individual is related to a board member

---

[1]Letter from Honorable Jim Solis, Chair, Committee on Economic Development, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General (Aug. 13, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

within the third degree by consanguinity or within the second degree by affinity. *See* TEX. GOV'T CODE ANN. §§ 573.002, .041 (Vernon 1994). You have asked us about an individual whose brother-in-law, whom we understand to be her husband's brother, sits on the school board. The sibling of an individual's spouse is related to the individual within the second degree by affinity. *See id.* §§ 573.024, .025 (Vernon 1994 & Supp. 2001).

Two exceptions to this general statutory prohibition allow a school board to hire the close relative of a member of the governing body in certain circumstances. First, section 573.061 excepts the appointment or employment of a substitute teacher by a school district. *See id.* § 573.061(6) (Vernon Supp. 2001). We understand that the school district has provided the individual in question here with a substitute position under this exception, but she wishes to be a permanent, full-time, certified teacher, *see* Tex. Att'y Gen. Op. No. JC-0185 (2000) at 2 (distinguishing between permanent substitute, certified teacher employed by contract, and substitute teacher). Because you inquire only about the retiree's eligibility for a full-time certified teaching position, we do not address the application of the substitute-teacher exception.

Second, section 573.062 excepts the appointment or employment of an employee who has been continuously employed in a particular position for six months before the public official to whom the individual is related was elected. *See* TEX. GOV'T CODE ANN. § 573.062(a)(1), (2)(B) (Vernon 1994). An individual who has been continuously employed in that position for the requisite duration may not only retain his or her position but may be the subject of an action affecting the employment, such as a promotion or raise, if "the public official to whom the individual is related in a prohibited degree" does not participate in any discussion or vote regarding the individual's status, unless the decision concerns "a bona fide class or category of employees." *Id.* § 573.062(b). "Continuous" employment denotes employment "[u]ninterrupted in time . . . ; connected; unbroken." III OXFORD ENGLISH DICTIONARY 830 (2d ed. 1989); *see* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) (requiring that statutory words and phrases be construed consistently with common usage). *See generally* Tex. Att'y Gen. Op. No. JC-0185 (2000) at 3-4 (discussing nature of "continuous employment" with respect to teaching positions). Whether in any particular situation a teacher has an ongoing, uninterrupted employment relationship with a school district is generally a fact question that cannot be resolved in the opinion process. *See, e.g.,* Tex. Att'y Gen. Op. Nos. JC-0032 (1999) at 4 (stating that question of fact is beyond purview of this office); JC-0027 (1999) at 3 (stating the questions of fact cannot be addressed in attorney general opinion); JC-0020 (1999) at 2 (stating that investigation and resolution of fact questions cannot be done in opinion process). The issue here is whether, by her retirement, the teacher broke her employment relationship with the school district as a matter of law, thereby disqualifying her for the continuous-employment exception.

We conclude that the teacher may not be restored to her former position under the continuous-employment exception to the anti-nepotism statute. Retirement broke the teacher's employment relationship with the school district as a matter of law. Retirement typically is a means by which an individual voluntarily terminates "one's own employment . . . , especially upon reaching a certain age." BLACK'S LAW DICTIONARY 1317 (7th ed. 1999); *see also* XIII OXFORD ENGLISH

DICTIONARY 782 sense 2 (2d ed. 1989) (defining "retire" as "to give up one's business or occupation . . . to enjoy more leisure or freedom (esp. after having . . . earned a pension))." For purposes of the Teacher Retirement System, "retirement" is a "withdrawal from service with a retirement benefit granted under this subtitle." TEX. GOV'T CODE ANN. § 821.001(13) (Vernon Supp. 2001). A Teacher Retirement System member's retirement is not effective until the member's employment ends. *See id.* § 824.002(a)(3). Moreover, if the retired member returns to employment with the public school system within two months of the effective retirement date, the retirement is revoked. *See id.* § 824.005(b). And, if a member had a contract for future employment in a public school when the member attempted to retire, the member's retirement is not effective. *See id.* § 824.002(c). *See generally* Letter from Conni Brennan, General Counsel, Teacher Retirement System of Texas, to Susan D. Gusky, Chair, Opinion Committee, Office of the Attorney General (Oct. 19, 2001) (on file with Opinion Committee). We have been provided no information that these retirement requirements were waived in this particular case.

## S U M M A R Y

A teacher who has retired from a full-time, certified teacher position has broken his or her employment with the school district and does not qualify for the continuous-employment exception to the statutory prohibition on nepotistic hiring by the school district. *See* TEX. GOV'T CODE ANN. §§ 573.041, .062 (Vernon 1994).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee